IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVIS JAMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2933-X-BN |
| | § | |
| BRAVO RESIDENTIAL FUNDING | § | |
| TRUST 2023-NQM1 and RUSHMORE | § | |
| SERVICING, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING
PROCEDURALLY DEFECTIVE REMOVAL**

Plaintiff Travis James filed this lawsuit in a state court in Collin County, Texas, and Defendants Bravo Residential Funding Trust 2023-NQM1 and Rushmore Servicing removed it to the Dallas Division of the Northern District of Texas on October 29, 2025. *See* Dkt. No. 1. United States District Judge Brantley Starr then referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

"A defendant who wants to remove a civil action from a state court to a federal district court must 'file in the district court of the United States for the district and division within which such action is pending a notice of removal.'" *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644 (5th Cir. 1994) (quoting 28 U.S.C. § 1446(a); emphasis omitted).

And, so, the general venue statute, 28 U.S.C. § 1391 "has no application to a removed action. [Instead, v]enue of removed actions is governed by 28 U.S.C. §

1441(a)." *Mello Hielo Ice, Ltd. v. Ice Cold Vending, LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *6 (N.D. Tex. Jan. 11, 2012) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)); *accord Collin Cnty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 51-52 (5th Cir. 2012) (per curiam).

Under these standards, Defendants should have removed this action to the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3).

And, while their removal was improper, "[r]emoval may be improper … for jurisdictional or procedural reasons." *Hinkey v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76-77 (1996)).

"Jurisdictional defects require remand to state court," but "procedural defects require the action's being remanded to state court only if plaintiff files a motion to remand 'within 30 days after the filing of the notice of removal under section 1446(a).'" *Id.* (quoting 28 U.S.C. § 1447(c); citation omitted). "Otherwise, plaintiff waives any objection to the procedural defect, and the action proceeds in federal court, even though removal was procedurally improper." *Id.* (citing *Resolution Tr. Corp. v. Sonny's Old Land Corp.*, 937 F.2d 128, 131 (5th Cir. 1991)).

And "removal to the incorrect judicial district is procedural error and does not divest the district court of jurisdiction over a removed action." *Id.* at 550; *cf. S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 n.3 (5th Cir. 1996) (removal to the incorrect division of the correct judicial district also counts as a procedural error).

And, so, Defendants' procedurally defective removal is subject to remand if James files a motion to remand by **November 28, 2025**, and if he does so, "the action

presumably [will be] remanded to state court based on [Defendants'] having removed to the incorrect judicial district," *Hinkey*, 968 F.3d at 550; *see, e.g.*, *Trahan v. United Specialty Inc. Co.*, Civ. A. No. 6:21-0383, 2021 WL 2251662 (W.D. La. May 11, 2021), *rec. adopted*, 2021 WL 2229670 (W.D. La. June 2, 2021).

And, if James does not file a timely motion to remand, the Court ORDERS that this case be TRANSFERRED to the Sherman Division of the Eastern District of Texas on **December 1, 2025**. *See Bank of N.Y. Mellon v. Inthirath*, No. 3:17-cv-2244-L-BN, 2017 WL 10296308 (N.D. Tex. Aug. 25, 2017) (transferring under 28 U.S.C. § 1406(a) case removed to the incorrect division of the correct judicial district), *rec. accepted*, Dkt. No. 6 (N.D. Tex. Oct. 20, 2017); *S.W.S. Erectors*, 72 F.3d at 493 n.3 (observing that "the interest of justice requires that the action be transferred to the district court of proper venue" (citing *Kreimerman*, 22 F.3d at 644-45)); *cf., e.g.*, *Tanner v. Navy Fed. Credit Union*, No. 3:24-cv-68-B-BN, 2024 WL 130756, at *1 (N.D. Tex. Jan. 10, 2024) ("A district court may transfer a case to any proper judicial district or division 'for the convenience of parties and witnesses, in the interest of justice,' 28 U.S.C. § 1404(a), or may transfer a case filed in the wrong district or division 'to any district or division in which it could have been brought,' 28 U.S.C. § 1406(a)." And a court "may raise the issue of venue *sua sponte*." (citations omitted)).

But, if a motion to remand is filed, this case is automatically stayed until further order of the Court.

SO ORDERED.

DATED: October 30, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 3 -